is Walcat Licensing WI LLC v. Atlas Copco Tools and Assembly Systems LLC, document number 22-1303. Counselor Addy, how are you? Good morning, your honors. I understand you reserved three minutes of your time for rebuttal, is that correct? Yes, that's correct. Okay, you may start, thank you. Your honors, this case is about a failure of prima facie obviousness. While there are several required torque limitations in the claims that IBM does not meet, I'd like to focus today on two specific errors that the board made. The first error is that the board held, bridging 46 to 47, that IBM teaches or suggests a torque transducer and appropriate controller. Your honor, the petition didn't set forth a torque transducer, and I'll get into that. The second error that I would like to talk about today is the error relating to the limitation requiring comparing torque values. This limitation requires comparing the measured torque to the predetermined torque value stored in memory. Your honor, the board entirely failed to address this comparing limitation, and for that reason as well, this case should be reversed. Turning first to the lack of a torque transducer, the petition failed to argue that IBM included a torque transducer. In fact, IBM does not include a torque transducer, and the petition was very clear that it said that, quote, IBM measures applied torque with a control effect sensor. That's directly from the declaration, and the declaration at paragraph 111 at page 469. Then, after the testimony of petitioner's expert, Dr. Davis, petitioner introduced this torque transducer theory on reply. The testimony of Dr. Davis, which is at 2494.25, at line 25, to 2495.11, is, quote, none of these sensors measure torque. The physical underlying principles are different. Hall effect sensors are magnetometers. They detect changes in magnetic field. Later in that same part of the record, Dr. Davis went on to testify that to measure torque, you need this torque transducer and additional equipment at all. The petition did say that torque is measured in IBM, correct? That's correct, Your Honor. And it just... Why isn't it as simple as it just didn't fill in all the details that a person of ordinary skill and the art would read into looking at IBM as to how it's done? Because, Your Honor, 35 USC 312A3 says that the petition for IPR must set forth with particularity the evidence that it intends to rely on during the IPR. And there are cases interpreting that because the IPR is such a condensed proceeding and because you have to put the patent owner on notice of what you're going to argue, you can't skip through and not argue specific limitations. But this case... Does 312A require you to set forth with specificity in your petition what would already be well known to one of ordinary skill and the art? Your Honor, it requires you to set forth if you're relying on what would already be well known to one of ordinary skill and the art. And, Your Honor, petitioners didn't do that. They were very clear that the Hall effect sensor measures torque. Now, Wildcat's expert said it doesn't. It's a magnetometer. And then when their expert, Dr. Davis, was deposed, he agreed. It's a magnetometer. So it's not simply what one of ordinary skill and the art would know. It's that the torque transducer is not disclosed. I think, too, it requires... This can be reversed because of failure of petition, but I think, too, this requires a look at IBM. So if you look at IBM, IBM does disclose measuring. It does it four times, but each time it's talking about measuring position. It's not talking about measuring torque. When it talks about torque, it's very specific. It says it senses when correct torque is achieved. That is a timing indication. Consider, as an example, a traditional teapot, Your Honor. A traditional teapot put on a burner senses when the water boils. It lets you know. It whistles. But the traditional teapot hasn't measured the temperature of the water. The same is true here. IBM is explicit that it senses when the correct torque is reached, and it sends a signal to the controller. But IBM is very clear that it's measuring position. If it wanted to use measuring for torque, it could have used it. Additionally, Your Honor, IBM discloses a transducer. It talks about this transducer in detail and how this transducer measures distance. And it says you could add another transducer or another transducer to improve your distance measurement. But IBM does not talk about a transducer to measure torque. It knew how to use a transducer. It didn't disclose one. And we can't interpret that one could be added in there when the petitioners didn't tell us that that was what they were gonna argue. If one of skill in the art knows the temperature at which water boils in a teapot, then would it be error to say that, in your example, one of skill in the art would think a teapot is, among other things, measuring the temperature of the water because you know when the sound goes off on the teapot, you've reached the boiling point and you as one of skill in the art know what that is. So you know what the temperature of the water is. So I guess we are all ones of skill in the art for the old fashioned teapot. Some of us. Maybe not everybody here. But the teapot doesn't measure boiling water. And in fact, the temperature of boiling water is different in different places. And so one of ordinary skill in the art would have to know where they are based on altitude and stuff like that to know what the temperature is of the boiling water. The teapot is just letting you know... But if they did know all that, it's not what we traditionally use teapots for, I'll grant you that, but why would it be error to say that that is one indirect way to measure the temperature of the water in front of you, is put in a teapot and boil it? Your honor, that's fine. If an indirect way is to sense when correct torque is achieved and send some sort of signal to the controller, that is not what the claims require. Because the claims require that you send the measurement to the controller. And you know that's a value because the comparing limitation later on says it compares the measured torque with the predetermined torque value. You have to compare apples to apples. And so we know that it doesn't do it. Also, I think if you look at IBM, IBM says on page 298 that... And I'm in that first, second full paragraph at the bottom. It says the controller needs to be able to enable, disable power to the torque driver. It uses a simple relay or FET to sense when correct torque is achieved by linking the Hall effect sensor to the driver. So two things here. First of all, if it's already sensed when correct torque is achieved, why does it need to provide a measurement, much less make a comparison in the controller because it already knows? Number two, what page are you reading from? I'm on page... I'm sorry, Your Honor, I'm on page 298. I'm on the second full paragraph. I'm at the bottom, the last sentence that starts the controller six. Okay. And Your Honor, also, if you look at this, it says correct torque is sensed when correct torque is achieved by linking a Hall effect sensor in the driver. So it's linking the Hall effect sensor to the controller. There's no place for this imagined torque transducer that's not disclosed. Your Honor... Can I suggest, what do you think IBM means by correct torque? So that, Your Honor, is another... I would like to say some of these fact findings are conclusory and circular. And if you look at the board's decision, the board says, at page 45, IBM's Hall effect sensor must measure torque so that IBM can address the stated problem of assuring screws are tightened to a specific torque. Your Honor, since when did the problem stated in the prior art become the solution that invalidates a later reference? That doesn't make any sense. Well, would I be misreading either IBM or the board's reading of IBM to rely on, I think, a fairly simple picture, which is IBM talks about a correct torque that has some number or some kind of number in mind, that's what a correct torque is, to identify when you've reached it, you have to be comparing it to another number. And any skilled artisan would read the document to say that. So that, I think, is an inherency argument, Your Honor, because there was another explanation that didn't require a measurement that required sensing when, which is what disclosed. And the board didn't credit that disclosure or that reliance on a clutch tool. The board said, even if it was a clutch tool, it has to have something additional in order to measure torque. Didn't describe what that is in the finding on a clutch tool. But Your Honor, the whole board finding, both with respect to the clutch tool and with respect to the torque transducer specifically, requires that you add something that's not disclosed in IBM. And if you look back at what the declaration said on petition, the declaration was very specific. It said, number one, IBM's Hall Effect Sensor measures torque. It didn't say one of ordinary skilled in the art would know that you take the Hall Effect Sensor and you combine it with something else and then you get a... It didn't say that. And it had to say that. And number two, it says, the declaration says on page 497, at the bottom part of paragraph 11, it says, IBM must measure torque so that it can perform the disclosed comparison. IBM, that's just wrong. IBM doesn't disclose a comparison. And Your Honors, they never... The declaration never pointed to where that comparison is in IBM. It just assumed that there was a disclosed comparison, 467 of the record. So, Your Honors, even if you don't reverse based on the addition of the torque transducer, if you look at the underlying facts, they are conclusory and circular. I see I'm almost out of time. I do wanna address the comparing limitation. The board, in its analysis, failed to address the comparing limitation at all. Also, up to this point, you think your arguments have been mostly fact based, correct? No, Your Honor. I'm arguing that the petition was faulty. What's the legal issue that you're bringing up? The legal issue is that the petition was faulty. It didn't satisfy 312A3, because they didn't set forth any evidence, other than a Hall Effect Sensor, about what measured torque. And the experts agree that a Hall Effect Sensor does not measure torque. So, that is a legal error. I think you can reverse on that. But if not, Your Honors, you can go down into the facts, and the facts are conclusory or circular at best. I would look at paragraphs 108 and 111, and I already mentioned the determination in the board's decision. I also just wanna say, as I think I've alluded to, the comparing limitation is not even present in the board's decision. You might say, why don't we remand to let them do it right? But when you go to look at the underlying facts for comparing, you find the same problem. The underlying facts are assumptions, and you can see that at page 467 of the record, which is the bottom of Dr. Davis's declaration, paragraph 108. Isn't the comparing part of the overall consideration of the three claimed torque requirements in the board's decision? They're clearly aware of all three. They're clearly aware. The board talks about sensed and set torque. It doesn't really say what happens. And I think it has to particularly... Can't we reasonably discern their understanding, particularly based on crediting the expert of the other side? No, Your Honor, because they have to set it forth. But when they say they credited the expert about sensing torque, the expert... I'm sorry, IBM doesn't say it senses torque. It says it senses torque. So in that context of IBM, you know that sensing torque or measuring torque is not what IBM discloses. Thank you, Your Honor. I appreciate the time. We'll restore your time back to you. Thank you. Counselor Kirch. Kirch. May it please the court. Wildcat claims to have invented an error proofing system that enforces tightening screws to the correct torque in the correct sequence. But IBM already discloses the exact same solution to the exact same problem, which is why the board held that IBM, in combination with several secondary references, discloses all the limitations in these claims. Now, there's three limitations that Wildcat raised on appeal. First, the storing limitation, storing the correct torque value. Second, measuring the torque as it's being applied to a fastener. And third, comparing that measured torque to the stored torque to figure out when they're equal. So appellant's counsel is focused on the measuring and comparing limitations, so I'd like to do the same. In fact, I'd like to start with the measuring limitation, because I think it is the foundation of all the parties' disputes throughout this case, and I think it resolves this appeal. So the board found that IBM discloses... Can I just be clear about something? Is there a claim limitation reciting a transducer? No. The claim limitation recites measuring torque, and as petitioners have argued all along, IBM discloses measuring torque. And I'd like to show you where the board found that and where IBM shows that. The board relied on two things, two pieces of evidence, IBM itself and Dr. Davis's support and testimony, to find that IBM discloses measuring torque. Now, here, I think the drawing in IBM is really important, so I'd like to ask you to look at page 15, which is in the board's decision. It's a block quote of that critical drawing. And again, that's appendix page 15. And the board described what's shown in that drawing. The board at the bottom of page 15 explains that this drawing is of a screw torque sequence verification system that ensures that four screws... I'm sorry, I'll give you time to get to page 15. That ensures that four screws, five, which are shown in the boxes on the bench, fix two product parts, three and four, together, and are tightened to a specific torque and a specific sequence. Now, I'd like to point out a couple of structures in this drawing. First is the electronic torque controller, which is labeled 11, that's hanging down in the middle. That's the torque driver that a person grabs and engages with the screw to tighten the screws. And second, I'd like to point out the controller circuit, which is in the upper right, it's labeled as 11. With those two structures in mind, I'd like to go back to the board's findings. The board makes two critical findings on appendix page 44. First, the board finds that that microcontroller, quote, senses when the correct torque is achieved by linking into a Hall effect sensor in the driver. So IBM is telling us that there's a Hall effect sensor in the driver, and that Hall effect sensor is linked to the microcontroller. And now let's go on to the second critical finding by the board. The board quoted this IBM drawing to find that, quote, torque is sent to the microcontroller, close quote. So the board is finding that IBM's disclosure is really simple here. IBM discloses a Hall effect sensor that senses torque and sends that torque over to the microcontroller so the microcontroller can then determine when the correct torque is achieved. The board didn't rely on inherency here or any assumption or any modification to IBM. IBM teaches it. Now, Wildcat alleges that IBM's Hall effect sensor just detected clutch disengagement and doesn't actually sense torque. But Wildcat's wrong and the board found that Wildcat was wrong for at least two reasons. First and foremost, IBM's drawing states in all capital letters that that Hall effect sensor is sensing torque, not clutch disengagement. In fact, IBM says nothing about a clutch or a Hall effect sensor. Isn't it just determining when to stop? When to stop the process? No, it's actually measuring torque because Hall effect sensors were well known to be torque sensors. I'm sorry, they're well known in prior to sense torque and provide a torque measurement to a controller. So it's not sensing when the torque is completed, it's sensing torque. And as the board relied on and Dr. Davis said, Hall effect torque sensors are well known to measure torque. And IBM shows that the signal being provided by that Hall effect sensor is a signal of torque, not a cut off or a clutch disengagement, which is itself substantial evidence supporting the board's finding that the Hall effect sensor measures torque. What about the argument that sensing is different than measurement? Well, I'd also like to point back to the board's reliance on Dr. Davis for that, where he explained that Hall effect sensors were well known in the prior to sense torque. And by sensing torque, it means measure torque. But aren't they different things? How about the teapot? Well, a teapot is an entirely different animal itself. It's not a torque sensor. It's why Appellant's counsel wanted to make an analogy rather than focusing on the actual Hall effect sensor at issue. Well, would you say that we can measure water temperature with a teapot or do we only sense when it boils or when it reaches a certain point? Well, by that analogy, a teapot sensor, you can have a thermometer or a teapot sensor. It all depends on the type of sensor that's being used in the teapot. And here, IBM tells us the type of sensor that's being used. It's a Hall effect sensor, a Hall effect sensor that's sensing torque. And it was well known in the prior that this exact sensor, a Hall effect sensor, measured torque. Why do you say that it measures or it's sensing torque? Couldn't it just be sensing a signal to turn on or off? No, because the drawing is showing that the signal being provided by that Hall effect sensor is a torque signal. And as the board held, that Hall effect sensor is sending torque to the controller. You say the drawing shows that? Yes. So in the top of the drawing, you see the dotted line connecting the Hall effect sensor that's in the tool 11. You see the dotted line going up from the back down to the microcontroller 6. That dotted line is a diagrammatic illustration of the input that the controller is receiving from the Hall effect sensor. And that input is an assessment of torque. It's a measurement of torque. It's not a cut off signal. It's not a whistle from a teapot. IBM tells us what that Hall effect sensor is measuring. And in fact, that's exactly what was known in the prior that Hall effect alone is a turn on, turn off device. No, it's not. A Hall effect sensor is a magnetometer that measures magnetism. And in a Hall effect torque sensor, the Hall effect sensor is measuring the changes in magnetism that vary in proportion to the... The purpose of that measurement is to turn on or off. Ultimately, what the Hall effect sensor does, it pushes a bearing out into its ring and that shuts off the device. No, Your Honor, that's talking about a clutch disengagement sensor, which is not what IBM is disclosing. In IBM, there's a Hall effect torque sensor. A Hall effect sensor provides a proportional measurement. It measures magnetic fields. And in a Hall effect sensor that measures torque, it measures magnetic fields that vary in proportion to torque. So it's a way of measuring torque. In fact, I'd like to address that issue in particular, because Wildcat Council has asserted that Dr. Davis' Hall effect sensors cannot measure torque, when in fact, the board twice relied on Dr. Davis' testimony that the Hall effect sensor in IBM does measure torque, and Dr. Davis explains how. For example, the board relied on Dr. Davis' testimony at Appendix page 2494 through 96, that IBM's Hall effect sensor measures torque by measuring magnetic fields that vary in proportion to torque. Now, Wildcat is asserting that measuring that magnetism is not a measurement of torque, but it is. You measure the torque by measuring magnetic fields that vary in proportion to torque. This is a proportional measurement. It's not an on off. And this is a well known principle in the prior. It's how Hall effect sensors have been used to measure torque. And the board relied on several places where Dr. Davis explains this. And in addition, at Appendix page 43, the board also cited Dr. Davis' testimony at Appendix 2436, that all torque sensors work in the same way, by measuring some physical property that varies in proportion to torque. Wildcat says, though, to actually measure torque, you need one of these transducers, a torque transducer. Is the record clear on whether a transducer is required? And if so, where is it in IBM? Right. The record is clear that what's required by the limitation is measuring torque. And the record is also clear that IBM discloses measuring torque. Frankly, the whole... Wildcat's focus on a transducer is a bit misguided, because the parties have agreed all along that a sensor that measures torque is a transducer. And I'll point you to Wildcat's own opening blue brief at page 24, where Wildcat admits that tools that can measure torque are torque transducers. So is the record clear as a factual matter that a transducer, yes, is required to measure torque? No. Well, I think they're synonymous, but the record is clear that the claim requires measuring torque, and the record is clear that IBM does measure torque using a Hall effect sensor. Now... Is the word transducer in the petition? And if not, is that a problem? Because you've maybe moved away from the theory in your petition. Oh, we certainly did not move away from theory. In the petition, petitioners and Dr. Davis explained how IBM's Hall effect sensor measures torque. That's on paragraph 111 of Dr. Davis's original declaration at appendix 469. In response, Wildcat argued that it can't measure torque, and in response to Wildcat's argument, in petitioner's reply, petitioners explained that Hall effect sensors measure torque, and in fact are used as torque transducers. So really, they're the same thing. And I'll point to several other places where Wildcat admits that measuring torque in a transducer is synonymous, which is why this is all really a red herring. For example, Wildcat's expert, Mr. Leonard, explained on appendix page 1714, that the definition, of course, of a transducer is a simple device that converts a mechanical force into an electrical signal. Nobody's disputing that the Hall effect sensor provides an electrical signal, so it is a transducer, even though that's not required by the claim. Then second, Mr. Leonard also admitted on appendix page 685, this is in paragraph 24 of his declaration, that torque data could only be provided with a torque sensor or transducer. Here, the parties are equating a torque sensor with a transducer. Frankly, again, it's a red herring for Wildcat to be focusing on the word transducer, because the claim doesn't require a transducer. You don't have to make a finding about whether IBM has a transducer, you have to make a... The board made a finding that IBM's Hall effect sensor measures torque, and that's where the claim applies. Can you say something about the comparing, before you sit down? Yes, I'm happy to go to that. The board made findings about the comparing limitation, and I can point you to the board's findings on page 44, where the board found that IBM's controller senses when correct torque is achieved by linking into a Hall effect sensor in the driver. So we know that the controller has access to the correct torque, and the board found that IBM's Hall effect sensor provides a measurement. So when IBM says that its microcontroller can assess when that measured torque achieves that correct torque or set torque that's in the memory, that is a comparison. I know Wildcat focuses on the idea that IBM doesn't use the word compare, but there is no if system is verbose test. IBM discloses the comparison by saying that IBM's controller uses that measurement of torque, and to assess when that measured torque reaches the stored torque. That is a comparison, and that's what the board held by quoting IBM's statement that the controller can sense when the correct torque is achieved by linking into a Hall effect sensor in the driver, and also where the board, higher up on page 44 of the appendix, states that torque is sent to the microcontroller. Can you address the point that, I think this is at appendix 45, that the board introduced the concept of what IBM suggests in, and I think the allegation, the argument is that that speaks of something different from what IBM discloses or teaches, and the petition did only to disclose your teach thing, not to suggest thing. Here the board, in the middle of appendix page 45, is talking about a fallback argument if the board were to assume our arguendo, what Wildcat's assertion about a torque sensor, that there's still a Hall effect sensor that measures torque, and that word suggestion, it's an explicit suggestion in IBM. It's not referring to obviousness. IBM actually explicitly suggests that the torque is being measured. So it is not an obviousness finding. And again, that paragraph refers to a fallback argument where the board assumed arguendo, that Wildcat was right about the tool being clutch controlled, but even if the tool is clutch controlled, it was still known in the prior art, and Wildcat's own expert admitted that prior art clutch tools still had torque sensors that measure torque, because a clutch doesn't always disengage at the right time, or at the right torque, which is why it was common to put torque sensors into clutch tools to actually verify that the clutch is releasing at the right time. And that's really an important point. Clutches can be miscalibrated or disengage at the wrong point. So if you're just sensing clutch disengagement, you don't actually know if you've reached the correct torque. And that's why IBM and Dr. James explained this. IBM confirms that you've reached the correct, you know when you've reached the correct torque, because you have a sensor, the Hall Effect sensor, that's sensing the torque that's being applied and compare that to the correct torque to know when the correct torque is being achieved. So I'd like to address one final issue, whether... Wildcat's counsel said that if there were insufficient findings, this case should be reversed. Now, I believe that the findings of the board were entirely sufficient, but if there was any missing finding or any gap that was left out, the appropriate response would be to vacate and remand to allow the board to fill in any of those factual findings, just as this court has done in the Professor case cited by Wildcat's counsel. Thank you, Your Honor. Your Honor, nobody is saying torque transducers weren't known in the prior art. They were known in the prior art. Apelli's description of a Hall Effect torque sensor is a creation that they made. This is a Hall Effect sensor disclosed in IBM. It doesn't say it's a torque sensor. When IBM wanted to talk about a transducer, it knew how to do so. It was a position transducer. Also, I wanna refer to Your Honor, Judge Taranto's question about the claim doesn't require a transducer. Your Honor, the claim is specific that it measures torque. And if you look at figure four at page 178 of the record, figure four talks about how it has to be a measurement, which it has a decision block, and it says it compares the torque to the predetermined value, to the value. So it's gotta be a measurement. And it doesn't matter how the claim does it, the claim requires measuring. But the IBM reference does not state that it measures. Also, I wanna look at... Counsel pointed out the picture that's at the top of IBM, the very simple picture at the top of IBM. And if you take a look at that picture, I think he said it was on page 15 of the decision, it's also on page 297 of the record. That does show torque, and the torque is coming from the cable nine, that's what nine is, into the controller. But that's just an identification. There's nothing that says that measures torque. In fact, if you read IBM, it leads to the opposite conclusion with sensing when. And Your Honor, I also wanna look at the decision because counsel said there was a finding that that torque was a torque measurement. Your Honor, he pointed to appendix 44, and it's under the first paragraph in this section. It says, we find IBM teaches sensing when, we know that's not measuring, and it shows, quote, capital torque is sent to the microcontroller. So there's no finding that that, quote, capital torque is a measured value. Your Honor, no one explains why there's a difference between sensing when and measuring in Petitioner and Apelli's argument, and I think that's also fatal. There's a legal error, Your Honor, as we said, because the petition is defective. They now say it requires a torque transducer. They call it a Hall Effect Torque Sensor, but that's not in IBM. That's something they made up. There's also a legal error in the board decision because of the lack of analysis of these factual determinations, which are conclusory. And I agree, go to Petitioner's declaration at page 497, 467, and they assume that there is a disclosed comparison, and hence, there must be a measurement. There's no disclosed comparison, and there's no disclosed measurement. If you do get there, there's a lack of substantial evidence, but I think that you can reverse on the changing arguments under 312A3. Thank you, Your Honors. Thank you, Judge.